THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:18-cv-00224-MR-DLH

BILLY HUMPHRIES and CYNDI HUMPHRIES,

    Plaintiffs,

vs.

HARLEY-DAVIDSON FINANCIAL SERVICES, INC.,

    Defendants.

**O R D E R**

FILED
ASHEVILLE, N.C.

SEP 1 1 2018

U.S. DISTRICT COURT
W. DIST. OF N.C.

**THIS MATTER** is before the Clerk on the Plaintiffs' Application for Entry of Default [Doc. 6].

The Plaintiffs initiated this action against Defendant Harley-Davidson Financial Services, Inc. on August 8, 2018. [Doc. 1]. On August 10, 2018, the Plaintiffs filed an executed Summons, along with an Affidavit of the process server. [Doc. 5]. On September 6, 2018, the Plaintiffs filed the present Application, seeking the entry of default against the Defendant. [Doc. 6]. In support of the Application, the Plaintiffs have presented the Affidavit of their counsel. [Doc. 6-1].

Rule 55(a) of the Federal Rules of Civil Procedure provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit of otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Here, the Plaintiffs have submitted the Affidavit of counsel stating that the Defendant was served with the Summons and Complaint on August 9, 2018 and referencing the executed

Summons and the Affidavit of the process server. [Doc. 6-1 at ¶ 9 (citing Doc. 5)]. Upon review of the Summons and the process server's Affidavit, however, it does not appear that the Defendant was properly served. The Summons identifies the entity to be served as "Harley Davidson Financial Services Corp. CT Corporation System 208 S. LaSalle Street, Suite 814, Chicago, IL 60604." [Doc. 5 at 1]. The process server's Affidavit, however, identifies the entity to be served as "Harley Davidson Financial Services Corp. c/o Shireen Hormozdi," who is *Plaintiffs'* counsel. [Id. at 2]. The Affidavit states that the summons was left with a "Derrick Hackett," who is described as an "unkown occupaint [sic]" and who is not identified as a registered agent for the Defendant. [Id.]. The Affidavit further indicates that service was delivered at the "residence" of the Defendant, even though the Defendant is a corporate entity and not an individual. [Id.]. For all these reasons, the Clerk concludes that the Plaintiffs have failed to show "by affidavit or otherwise" that the Defendant has failed to plead or otherwise defend this action. Accordingly, the Application for entry of default is denied.

IT IS, THEREFORE, ORDERED that the Plaintiffs' Application for Entry of Default [Doc. 6] is **DENIED**.

**IT IS SO ORDERED THIS 11ᵀᴴ DAY OF SEPTEMBER, 2018.**

Frank G. Johns, Clerk